IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMRO ELANSARI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-3415 |
| | : | |
| ALTRIA, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                      **August 2, 2019**

Amro Elansari now turns his societal laments toward Big Tobacco by *pro* se suing Altria, British American Tobacco, Imperial Tobacco, and Japan Tabacco challenging the sale of radioactive cigarettes affecting him as he must breathe second-hand smoke even though he admittedly smokes medical marijuana.[1] He moves for leave to proceed *in forma pauperis*.[2] We grant Mr. Elansari leave to proceed *in forma pauperis* but dismiss his Complaint without prejudice. He again fails to state a claim.

### I. Plead Facts

Mr. Elansari, in brief but unclear language, alleges "for the past 28 years" the Defendants "keep putting out toxic – cancer causing – radioactive cigarettes to addict people and have them smoking on every street and every corner in standard towns and places for [Mr. Elansari] to breathe in, suffocate, and suffer health consequences."[3] Mr. Elansari claims to have suffered "damage to health" and "pain [and] suffering."[4] He seeks compensatory and punitive damages as well as unspecified injunctive relief.[5]

## II. Analysis

We grant Mr. Elansari leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action. Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss his Complaint if he fails to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] "[M]ere conclusory statements do not suffice."[7] "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[8] As Mr. Elansari is proceeding *pro se*, we construe his allegations liberally.[9]

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." We may *sua sponte* dismiss a complaint not complying with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[10] Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."[11]

Mr. Elansari's allegations are far too vague and generalized to state a claim. He suggests the Defendants make cigarettes (although he barely says as much) and implies he has been harmed from second hand smoke—without describing actual injuries—at times over the course of twenty-eight years even though he judicially admits smoking medical marijuana.[12] He does not identify products sold by the Defendants. His allegations are so sparse it is not clear he has standing to pursue a claim against the Defendants.[13] He appears to be airing a general complaint about society as opposed to a basis under the law for a claim based on a concrete injury caused by the Defendants remediable by this Court.

2

## III. Conclusion

We grant Mr. Elansari leave to proceed *in forma pauperis* and dismiss his Complaint. We dismiss Mr. Elansari's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without prejudice to timely filing an amended complaint if he can state a claim for relief.

---

[1] This is Mr. Elansari's fourth civil action filed in July 2019 and the seventh civil action in less than a year. *See Elansari v. Jagex, Inc.*, No. 19-3006 (dismissed on screening); *Elansari v. Passhe*, No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, No. 19-3003 (dismissed on screening for lack of subject matter jurisdiction); *Elansari v. Savage*, No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, No. 19-786 (dismissed on screening); *Elansari v. Golf Club Apartments*, No. 18-4171.

[2] ECF Doc. No. 1.

[3] ECF Doc. No. 2 at 7. We adopt the pagination assigned to the Complaint by the CM-ECF docketing system.

[4] *Id.*

[5] *Id.*

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Id.*

[8] Fed. R. Civ. P. 12(h)(3).

[9] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[10] *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

[11] *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[12] Mr. Elansari judicially admitted regularly smoking marijuana for medical issues. *See Elansari v. United States*, 615 F. App'x 760, 762 & n.3 (3d Cir. 2015) (per curiam) ("Elansari asserts that he is being prevented from relieving his stress and pain by smoking marijuana" and "stated in a District Court pleading that he is now smoking cigars for his unspecified 'breathing exercises.'"); *see also Elansari v. Golf Club Apartments*, No. 18-4171 (ECF Doc. No. 11) (claiming Mr. Elansari was discriminated against in housing for using medical marijuana).

[13] *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").